MEMORANDUM *
Jesusa Tomas-Mateo (“Tomas-Mateo”), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application withholding of removal and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA’s determination of purely legal issues, Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir.2010), and we review for substantial evidence the BIA’s denial of asylum, withholding of removal, and CAT relief. Ahmed, v. Keisler, 504 F.3d 1183, 1191 (9th Cir.2007). We grant in part and deny in part the petition for review, and we remand.
Before the IJ and the BIA, TomasMateo raised two grounds in support of her claim for withholding of removal under 8 U.S.C. § 1231(b)(3)(B). First, TomasMateo asserted that gang members attacked her and her family on account of their membership in the Konjubal tribe. Second, Tomas-Mateo argued that she suffered persecution when the local police refused to protect her from gang attacks because she was a member of the Konjubal tribe. In her brief to this court, TomasMateo abandoned the first ground but not the second. We therefore do not address the first ground.
As to the second ground, TomasMateo argues that, although she raised the argument in her brief to the BIA, the BIA failed to address it [1]. We agree, and as we said in Sagaydak v. Gonzales, the BIA is “not free to ignore arguments raised by a petitioner.” 405 F.3d 1035, 1040 (9th Cir. 2005). Accordingly, remand is appropriate *755 for the BIA to consider this issue in the first instance. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (holding that where issues were not considered by the BIA, remand is appropriate).
Finally, Tomas-Mateo contends that the BIA failed to address her CAT claim. We conclude, however, that Tomas-Mateo failed to properly exhaust her CAT claim because in her brief to the BIA she failed to mention the CAT claim in any way. Moreover, as we read Tomas-Mateo’s reference to 8 C.F.R. § 1208.16 in her brief to the BIA, it was cited in support of her claim for withholding of removal, and not CAT relief. Even assuming that Tomas-Mateo’s CAT claim was properly exhausted, the record evidence fails to satisfy the standard for CAT protection because there is no evidence that she would more likely than not be tortured if returned to Guatemala.
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.
Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In her brief to the BIA, Tomas-Mateo argued that "[r]espondent’s fear was based upon persecution of members of the Konjubal tribe who were not protected by law enforcement authorities.” This statement was sufficient to exhaust the issue before the BIA. Whether Tomas-Mateo presented a legally cognizable claim, and if so, whether she presented sufficient evidence to support her claim are issues the BIA should resolve in the first instance.